**Andrew M. Schpak**, OSB No. 044080
aschpak@barran.com
**Kyle Abraham**, OSB No. 051821
kabraham@barran.com
BARRAN LIEBMAN LLP
601 SW Second Ave., Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile: (503) 274-1212

Attorneys for Defendant NuView Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LAURA DE BLOCK, | 6:12-CV-1008-AA |
| Plaintiff, | |
| v. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL** |
| NUVIEW SYSTEMS, INC., | |
| Defendant. | |

## I. INTRODUCTION

Defendant, NuView System Inc. ("Defendant"), files this response in opposition to Plaintiff Laura DeBlock's ("Plaintiff") Motion for Appointment of Pro Bono Counsel ("Plaintiff's Motion"). Plaintiff seeks the appointment of counsel for her employment discrimination claims against Defendant; however, Plaintiff has sufficient financial resources to retain counsel and Plaintiff's claims lack merit sufficient to warrant appointment of pro bono

Page 1 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

counsel. Appointment of pro bono counsel in this case is unwarranted and would inject unnecessary delay in the resolution of this matter.

This response is based on the Declaration of Andrew M. Schpak and the pleadings on file herein.

## II. DISCUSSION

Courts look to three factors when determining whether to deny or to grant a plaintiff's motion for appointment of pro bono counsel in civil rights cases. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). These factors include: (1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit. *Id.* Additionally, courts have considered whether the *pro se* plaintiff is capable of managing the law suit. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) "A District Court's action in denying appointed counsel will be subject to review only for abuse of discretion." *Bradshaw*, 662 F.2d at 1318.

A. Plaintiff's Financial Resources

Plaintiff's Affidavit in support of Plaintiff's Motion indicates that she has sufficient financial assets to secure counsel. She has ongoing rental income, two cars, and over $120,000 in financial assets. Plaintiff admits that she has identified five lawyers willing to take her case, but Plaintiff is not satisfied with the fee arrangements these lawyers have requested. Plaintiff has over $120,000 in Individual Retirement Accounts, but she fails to demonstrate a willingness to divest stocks she presently holds to retain counsel. (*see Petete v. Consol. Freightways*, 313 F. Supp. 1271, 1272 (N.D. Tex. 1970) (holding a plaintiff's willingness to volunteer to contribute toward the expense of the lawsuit by selling stock "greatly facilitates" granting her motion for

Page 2 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

counsel.) Plaintiff's Motion should be denied due to her unwillingness to contribute to her claim despite the fact that she has sufficient assets to do so.

### B. Plaintiff's Claims Lack Merit

Additionally, Plaintiff's Motion should be denied because her claims lack merit. The determination of the Equal Employment Opportunity Commission ("EEOC") should be given appropriate weight in deciding whether a plaintiff's claim has merit. *Bradshaw*, 662 F.2d at 1319-1320. In the present case, Plaintiff filed a charged with the EEOC on January 24, 2011. (Schpak Decl., ¶2.) Plaintiff's EEOC charge alleged that Defendant terminated her due to her disability and Defendant failed to accommodate her alleged disability. Plaintiff has alleged the very same claims in the Complaint of this case. After an investigation, on March 9, 2012, the EEOC concluded there was insufficient evidence to find Defendant committed any violation of law. (Schpak Decl., ¶3.) Although Defendant recognizes a finding by the EEOC is not controlling, the EEOC's finding supports a finding on the present issue that Plaintiff's claims are without merit.

### C. Plaintiff is Capable of Managing the Lawsuit

Finally, Plaintiff has demonstrated she is capable of managing the lawsuit. *Wilborn*, 789 F.2d at 1331. The Complaint drafted by Plaintiff is articulate, well-organized, in the proper form, and filed in a timely manner. Plaintiff has successfully navigated e-filing to submit pleadings. Plaintiff's abilities should be considered as an additional reason supporting the denial of her motion.

Plaintiff's Motion should be denied to avoid injecting unnecessary delay in this proceeding. Plaintiff filed the Complaint on June 6, 2012; however, she waited until January 24,

Page 3 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

00303875.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

2013, over seven months, to file a Motion for Appointment of Pro Bono Counsel. Plaintiff's failure to file this Motion earlier is without excuse. Plaintiff's Motion would inject unnecessary delay in the resolution of this matter, and it should be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Appointment of Pro Bono Counsel should be denied.

DATED this 31st day of January, 2013.

BARRAN LIEBMAN LLP

By _____
Andrew M. Schpak, OSB No. 044080
aschpak@barran.com
Kyle Abraham, OSB No. 051821
kabraham@barran.com
Attorneys for Defendant NuView Systems, Inc.

Page 4 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January 2013, I served the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL** on the following parties at the following addresses:

Laura De Block
19624 Apache Rd.
Bend, Oregon 97702
ldeblock306@gmail.com

Plaintiff *Pro Se*

by the following indicated method or methods on the date set forth above:

- ☑ **Electronic Filing**
- ☐ **Facsimile**
- ☑ **First-class mail, postage prepaid**
- ☐ **Hand-delivery**
- ☐ **Email**

*/s/ Andrew M. Schpak*
Andrew M. Schpak

CERTIFICATE OF SERVICE

00303875.1